

Littler Mendelson, PC
290 Broadhollow Road
Suite 305
Melville, NY  11747

Randy S. Gidseg
631.247.4708 direct
631.956.9274 fax
rgidseg@littler.com

January 29, 2015

**VIA ECF**

Honorable Leonard D. Wexler
United States District Court Eastern District of New York
944 Federal Plaza, Central Islip, New York 11722

Re:  *Ashraf Hussain v. 661 Northern Blvd, LLC, et al.;* Civil Action No. 14-CV-05924 (LDW)(SIL)

Dear Judge Wexler:

This firm represents Defendants 661 Northern Blvd, LLC ("661"), Joseph Zangri, and Bert E. Brodsky (the "661 Defendants") in the above-referenced matter.  We write in accordance with Section 2.B of Your Honor's Individual Motion Practice and Rules to respectfully request a pre-motion conference to discuss the 661 Defendants' intended motion to dismiss the complaint of plaintiff Ashraf Hussain ("Plaintiff") against the 661 Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), and/or motion for a more definite statement, pursuant to Rule 12(e).

## CASE BACKGROUND

On October 9, 2014, Plaintiff filed a Complaint against 661, which has owned and operated a restaurant in Great Neck, New York since June 2014.  Plaintiff was employed by 661 as a server in June and July 2014.  Plaintiff also named two individual defendants, Mr. Zangri and Mr. Brodsky (the "661 Individual Defendants"), both of whom are alleged to be owners, officers and/or agents of 661 since June 2014.  *See* Plaintiff's Complaint ("Compl."), ¶¶ 8, 10-11.[1]

In his Complaint, Plaintiff alleges that he, and a class of similarly situated individuals, were subjected to unlawful payment practices, in violation of the federal Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").  Specifically, Plaintiff's Complaint asserts claims for: unpaid minimum wage under the FLSA and NYLL; unpaid overtime under the FLSA and NYLL; unlawful wage deductions under the NYLL; unpaid spread-of-hours pay under the NYLL; and failure to furnish proper wage notices and statements under the NYLL. Plaintiff seeks class certification on behalf of all servers, runners, busboys, and bartenders ("waitstaff") employed by defendants in the six years prior to filing the Complaint (Compl., ¶ 17) and collective certification on behalf of all waitstaff employed by defendants in the three years prior to filing the Complaint (Compl., ¶ 29).  To date, no opt-in plaintiffs have joined this action.

---

[1] As per the Complaint, in June 2014, the Individual Defendants purchased the restaurant from Burton and Doyle of Great Neck, New York LLC ("B&DGN"), which had owned the restaurant since 1999. Plaintiff named B&DGN as a defendant, along with Mario Sbarro, one of the owners of B&DGN. *Id.,* ¶¶ 12, 14. Plaintiff worked for B&DGN from January 2013 through June 2014. *Id.,* ¶¶ 7, 12.

Honorable Leonard D. Wexler
January 29, 2015
Page 2

Despite reasonable belief that Plaintiff's claims are without merit, the 661 Defendants have served a Rule 68 Offer of Judgment upon Plaintiff's counsel, offering Plaintiff the full relief potentially owed, under federal and state law. Plaintiff has not yet responded to that offer.

### THE 661 DEFENDANTS' ANTICIPATED MOTION

#### Plaintiff's Complaint Against the 661 Defendants Should Be Dismissed As Moot

As set forth above, the 661 Defendants have offered Plaintiff all the relief to which he could be entitled if he prevailed on his claims, pursuant to Rule 68. To the extent Plaintiff accepts it, this will result in the dismissal of the action as against the 661 Defendants. However, even if he does not accept the offer, the case against the 661 Defendants must still be dismissed as moot. *Genesis Health Care v. Symczyk*, 133 S. Ct. 1523 (2013) (FLSA action must be dismissed as moot where plaintiff has received full relief pursuant to a Rule 68 offer and no other plaintiffs have joined the action); *Hepler v. Abercrombie & Fitch Co.*, 2014 U.S. Dist. Lexis 142031, at *3-4 (E.D.N.Y. Oct. 3, 2014) (Wexler, J.) (dismissing FLSA claims as moot after defendants served Rule 68 offers in an amount greater than plaintiffs could recover if successful, and the named plaintiff accepted the offer and the two opt-in plaintiffs rejected it). Thus, the 661 Defendants seek to move to dismiss Plaintiff's Complaint as against the 661 Defendants as moot.

#### The Overtime and Spread of Hours Claims Against the 661 Defendants Should Be Dismissed

To state a plausible overtime claim, and avoid dismissal, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). The complaint must also allege precisely when, or during what time period, the employee worked more than 40 hours. *Id.* at 114, 118 (finding no plausible FLSA or NYLL claim where plaintiffs failed to allege a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours); *Cromwell v. N.Y. City Health and Hosps. Corp. et al.*, 2013 U.S. Dist. Lexis 69414, at *10-11 (S.D.N.Y. May 15, 2013) (dismissing complaint where plaintiffs failed to identify any particular workweek they worked uncompensated time for more than 40 hours).

Here, Plaintiff fails to allege that he worked more than 40 hours in any single workweek. To the contrary, Plaintiff's Complaint confirms that he worked *less than* 40 hours each week. *See* Compl., ¶¶ 73, 74 (alleging that, at most, Plaintiff worked 35-37 hours in a week). Although Plaintiff also alleges that "Defendants have failed to pay plaintiff and the FLSA Collective[/Rule 23 Class] overtime wages" (Compl., ¶¶ 112, 117), the Second Circuit has made clear that a plaintiff cannot use this type of hollow pleading to avoid his obligation to allege, with some specificity, the amount of time he worked for which he was not properly paid. *Lundy*, 711 F.3d at 114. In the absence of any such allegations, Plaintiff's claims for overtime are insufficient and must be dismissed. *Id.* Similarly, Plaintiff alleges that he did not receive "spread of hours" pay, but fails to specify a single shift or workweek where he worked more than ten hours in a day. Compl., ¶¶ 90, 133. To the contrary, Plaintiff's complaint confirms that he worked less than ten hours per day. Compl., ¶¶ 73, 74. Accordingly, in accordance with *Lundy*, Plaintiff's spread of hours claim should also be dismissed.

Honorable Leonard D. Wexler
January 29, 2015
Page 3

Because the Complaint fails to plausibly plead a claim for unpaid overtime under the FLSA or NYLL, Plaintiff's third and fourth causes of action against the 661 Defendants should be dismissed. Likewise, his sixth cause of action against the 661 Defendants for spread of hours pay under the NYLL should be dismissed. At a minimum, the 661 Defendants are entitled to a more definite statement setting forth factual allegations to support Plaintiff's claims, including when he worked more than 40 hours in a workweek, or 10 hours in a workday, and how many hours were worked.

**Plaintiff's Claims Against the 661 Individual Defendants Should be Dismissed**

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To that end, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Here, Plaintiff fails to plead any facts to support his claim that the 661 Individual Defendants were his employers.[2]

A plaintiff's unsupported, conclusory assertion that an individual defendant is an employer within the meaning of the FLSA and NYLL, as in this case, is insufficient. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2012 U.S. Dist. Lexis 127824, at *36-39 (S.D.N.Y. Sept. 6, 2012) (plaintiff's unsupported conclusions that individual defendants had "operational control" and made "employment decisions" were inadequate to render them "employers" subject to FLSA or NYLL liability); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ("bare allegations of an individual's control over employee-plaintiffs that are based solely upon the individual's job title and presumed duties are insufficient to establish that the individual is an 'employer' under *Herman's* economic reality test"). Here, Plaintiff's Complaint is devoid of any allegations to support a claim against either of the 661 Individual Defendants. Indeed, Plaintiff does not even attempt to allege that the 661 Individual Defendants hired them, supervised them, or determined their rate of pay.

Based upon the foregoing, we respectfully request that the Court schedule a pre-motion conference or otherwise grant the 661 Defendants permission to file their motion.

Respectfully submitted,

Randy S. Gidseg

cc: All counsel of record (via ECF)

---

[2] In determining whether a defendant is an employer under the FLSA and/or NYLL, courts apply the "economic realities test" to examine "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).