UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ASHRAF HUSSAIN, on behalf of themselves and
all others similarly situated,

                                  Plaintiffs,           Case No.: 14-cv-05924(LDW)(SIL)

         -against-

BURTON AND DOYLE OF GREAT NECK LLC and
MARIO SBARRO,

                          Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF CROSS-MOTION TO DISMISS AND IN
## OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

Respectfully submitted,

BERGER, FISCHOFF & SHUMER LLP
40 Crossways Park Drive
Woodbury, New York 11797
516-747-1136

STUART M. STEINBERG P.C.
Stuart M. Steinberg, Esq.
2 Rodeo Drive
Edgewood, New York 11717
(631) 715-4160

Co-Counsel for Defendants
Burton and Doyle of Great Neck LLC and
Mario Sbarro

## TABLE OF CONTENTS

TABLE OF AUTHORITIES....…………………………………………………………… ii

PRELIMINARY STATEMENT …………………………………………………………1

STANDARD  …………………………………………………………………………2

ARGUMENT....…………………………………………………………………………3


POINT I
NEITHER THE COMPLAINT NOR THE
PROPOSED AMENDED COMPLAINT SUFFICIENTLY
ALLEGE A CLAIM AGAINST MARIO SBARRO   ...…………………………………3


POINT II
THE PROPOSED AMENDED COMPLAINT FAILS
TO ALLEGE FACTS SUFFICIENT FOR LIABILITY
AGAINST GENNARO SBARRO …………………………………………………………7


CONCLUSION  …………………………………………………………………………9

# TABLE OF AUTHORITIES

Federal Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................3
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,
   127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)   ...............................................................2
*Crippen v. Town of Hempstead*, 2009 WL 803117 at *1 n.1
   (E.D.N.Y. Mar. 25, 2009)   ..............................................................................................3
*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)....................................3,4,8
*Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).....................................................5
*Jean-Joseph v. Walgreens*, 2011 WL 5025266 at * 1 (E.D.N.Y. 2011) .............................2-3
*LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)..............2
*Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) .............................2
*Luna v. N. Babylon Teacher's Org.*, 11 F.Supp.3d 396, 401 (E.D.N.Y. 2014) ......................2
*Nakahata v. New York Presbyterian Health Sys. Inc.*,
   2012 U.S. Dist. Lexis 127824 at *36-39 (S.D.N.Y. Sept. 6, 2012) ...........................3
*Tracy v. NVR, Inc.*, 667 F.Supp.2d 244, 247 (W.D.N.Y. 2009) .........................................4


Federal Statutes
F.R.C.P. 12(b)(6) ...........................................................................................................2
F.R.C.P. 15 ....................................................................................................................1

Defendants Burton and Doyle of Great Neck, LLC ("Burton & Doyle") and Mario Sbarro ("Sbarro") submit this Memorandum of Law (a) in support of their cross-motion to dismiss Mario Sbarro as a defendant and (b) in opposition to the plaintiff's motion to amend the complaint. As there is no factual or legal basis for individual liability of Mario Sbarro, the motion to dismiss Mario Sbarro as a defendant, pursuant to F.R.C.P. 12(b)(6) should be granted. Furthermore, the motion to amend should be denied, as plaintiff fails to satisfy the criteria of F.R.C.P. 15.

## PRELIMINARY STATEMENT

In the complaint dated October 9, 2014, plaintiff asserts various wage claims under both the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) against defendant Burton & Doyle, which operated a steakhouse in Great Neck, New York, and against Mario Sbarro, who plaintiff claims is the principal of Burton & Doyle and therefore allegedly personally liable for the wage claims against the entity. See, Horz Decl. Exhibit A. Plaintiff incorrectly states that Burton & Doyle has not filed a Rule 7.1 Corporate Disclosure; the same was filed on June 15, 2015, prior to plaintiff's filing of the instant motion to amend. See, Docket Entry No. 52.

Plaintiff now seeks, eight months after the commencement of this action, to file an amended complaint ("Proposed Amended Complaint" or "PAC") to, *inter alia*, assert additional purported factual allegations against Mario Sbarro to shore up his previously weakly-pleaded and generalized claims of personal liability against Mario Sbarro, and to add another individual, Gennaro Sbarro (Mario Sbarro's son) as a defendant, under the guise that the plaintiff did not have knowledge of either the additional "factual" allegations against Mario Sbarro or that Gennaro Sbarro exercised control over the operations of Burton & Doyle when plaintiff initiated this action.

Plaintiff fails, despite his second chance to do so, to adequately plead facts sufficient to demonstrate that either of these individuals engaged in conduct that would give rise to individual liability for the plaintiff's wage claims. Instead the plaintiff's Proposed Amended Complaint continues to assert vague and ambiguous claims against both Sbarros in the hope that the allegations will stick against one or both of them. As set forth below, neither plaintiff's pleading nor putative pleading are sufficient, and, as a result, the dismissal of the complaint is warranted, as is the denial of the motion to amend as to Mario Sbarro and Gennaro Sbarro.

### STANDARD

In considering a motion to dismiss pursuant to F.R.C.P. 12(b)(6), the Court generally "accept[s] all allegations in the complaint as true and draw all inferences in the nonmoving party's favor." *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face" to survive a 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Thus, a "plaintiff's obligation to provide the 'grounds' of his 'entitl[ment] to relief' requires *more than labels and conclusions,* and a formulaic recitation of a cause of action's elements will not do." *Id.; see also Luna v. N. Babylon Teacher's Org.*, 11 F.Supp.3d 396, 401 (E.D.N.Y. 2014) (holding that conclusory allegations of legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss).

A motion to amend, while reviewed by the courts liberally, should be denied if the claim is futile and would not be able to withstand a Rule 12(b)(6) motion to dismiss. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Jean-Joseph v. Walgreens*, 2011 WL 5025266 at * 1 (E.D.N.Y. 2011) ("In evaluating the proposed amended complaint for

futility, the court applies the same standards as those applied to a motion to dismiss pursuant to Rule 12(b)(6)").  As a result, the standard "for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss – namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Crippen v. Town of Hempstead*, 2009 WL 803117 at *1 n.1 (E.D.N.Y. Mar. 25, 2009). In order to prevail, the plaintiff must "plead factual content that allows the court to draw the reasonable inference" that the defendants engaged in the alleged conduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**ARGUMENT**

**POINT I**

**NEITHER THE COMPLAINT NOR THE
PROPOSED AMENDED COMPLAINT
SUFFICIENTLY ALLEGE A CLAIM
<u>AGAINST MARIO SBARRO</u>**

In order to determine whether a defendant is an employer under the FSLA and/or NYLL, courts apply the "economic realities test" to examine "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

Thus, it is insufficient to merely allege unsupported, conclusory allegations that an individual is an employer to sustain personal liability under FLSA and NYLL. *Nakahata v. New York Presbyterian Health Sys. Inc.*, 2012 U.S. Dist. Lexis 127824 at *36-39 (S.D.N.Y. Sept. 6, 2012) (allegations of individuals' alleged "operational control" and "employment decisions" without any factual support inadequate to render them "employers" under FSLA or NYLL);

3

*Tracy v. NVR, Inc.*, 667 F.Supp.2d 244, 247 (W.D.N.Y. 2009)(bare allegations of an individual's control over plaintiffs based solely on job title and presumed duties are insufficient).

Plaintiff's Complaint and Proposed Amended Complaint lack the specificity required to sustain a claim of personal liability as owner against Mario Sbarro. If Mario Sbarro was truly plaintiff's employer, then plaintiff could have easily alleged in the Complaint that Mario Sbarro hired and fired specific employees, including but not limited to the plaintiff; provided specifics about the alleged acts of supervision and control that Mario Sbarro exercised over the work schedules and conditions of the Burton & Doyle employees; provided specifics as to Mario Sbarro's involvement in setting plaintiff's and other employee's rate of pay; and provided specifics as to Mario Sbarro's maintenance of employment records. Indeed, plaintiff does not allege in either the Complaint or the Proposed Amended Complaint that Mario Sbarro hired him (or the additional plaintiffs to be added to the action), supervised them, trained them, or determined their rate of pay[1].

The allegations contained in the Complaint and Proposed Amended Complaint against Mario Sbarro are so watered-down and general that they do not meet the pleading requirements necessary for individual liability under the criteria set forth by the Second Circuit in *Herman*. The allegation that Mario Sbarro was listed as a principal of the corporate entity on the liquor license is of no moment nor does it demonstrate that Mario Sbarro had any role in the day-to-day supervision of the employees, their schedule or their pay. Furthermore, plaintiff's allegation that Mario Sbarro identified himself as an owner of Burton and Doyle in any purported news article refers to the prior ownership of the entity – which predates plaintiff's employment and the causes of action alleged herein. Clearly, if any such statement was made in the media during the

---

[1] The sole reference in the Proposed Amended Complaint to any individuals allegedly hired by Mario Sbarro admittedly refers to two members of the managerial staff, and does not allege any specifics to support this bald allegation.

relevant time frame, plaintiff could have easily referenced the same in his pleading and attached a copy of the same.  Plaintiff did not.

Moreover, generalized allegations that an individual is an owner or officer of a company, "or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status.  Instead, to be an 'employer', and individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). Plaintiff's pleading against Mario Sbarro falls far short of the control required by the Second Circuit.

The remaining allegations are so thinly plead and generalized that they cannot sustain personal liability: "had the power to hire and fire employees" (PAC ¶12); "would visit . . . to inspect the premises and supervise the employees" (PAC ¶14); "has had the power to stop any illegal pay practice that harmed plaintiff" (PAC ¶16); "has had the power to close, shut down and/or sell Burton and Doyle" (PAC ¶17).  Without prejudice to the position taken in Point II hereinbelow and without any admission as to the veracity or accuracy of the allegations asserted against Gennaro Sbarro, it is clear that the Proposed Amended Complaint only contains vague and generalized allegations against Mario Sbarro as to his involvement in the day to day operations of Burton and Doyle, its pay practices and its employment practices.  Contrary to the allegations asserted against Gennaro Sbarro concerning his purported involvement in scheduling changes, time of policy, and enforcement of the dress code for employees, there are absolutely no specifics as to any involvement or act of Mario Sbarro relating to these activities at Burton and Doyle.

Plaintiffs fail to allege any <u>facts</u> to support his allegations – specifics as to the basis of Mario Sbarro's "power" to hire and fire, to stop illegal pay practices or that demonstrate that

Mario Sbarro could close, shut down or sell the restaurant.  Moreover, while plaintiff alleges in the Proposed Amended Complaint that Mario Sbarro supervised the employees of Burton and Doyle, plaintiff's complaint and Proposed Amended Complaint are devoid of any specific act of supervision. Nor does the plaintiff allege Mario Sbarro's role – if any – in the specific conduct complained of in the complaint and Proposed Amended Complaint; by way of example, both pleadings are devoid of any allegation that Mario Sbarro initiated, implemented or participated in the alleged tip pooling that plaintiff complains of, or that he supervised, directed or implemented a policy that sushi chefs should share in the servers' tips; or that Mario Sbarro reviewed the employees time sheets and shaved off hours or declined to pay employees all of their tips or for overtime or spread of pay hours.

Clearly had Mario Sbarro possessed such powers, or undertook such specific acts, then alleging a factual basis or predicate for these conclusory allegations should have been a simple task.  Indeed, while plaintiff sprinkles in some allegations concerning specific acts of Gennaro Sbarro, plaintiff does not state one specific act of Mario Sbarro in which he allegedly exercised supervisory powers over any employee on any given occasion.  The obvious reason for this pleading defect is that plaintiff knows that Mario Sbarro had no involvement in Burton and Doyle, that he did not hire or fire employees, supervise or control employee work schedules or conditions of employment, determine pay or maintain employment records.  Additionally, once other former employees agreed to join in this action, these additional employees should have been able to contribute specific facts relating to Mario Sbarro's supposed intricate control and power over the terms and conditions of their employment, had this been reality.  Instead, the Proposed Amended Complaint contains only additional, generalized allegations that do not meet

the pleading requirements for individual liability. It is clear that Mario Sbarro is named in this action for one reason, and one reason only – because plaintiff believes he is a "deep pocket".

For these reasons, not only should the complaint as against Mario Sbarro be dismissed, but the motion to amend the complaint to add in additional allegations against Mario Sbarro must also be denied.  The allegations sought to be added via the Proposed Amended Complaint as against Mario Sbarro do not add any factual support for the plaintiff's claims, and the amended pleading as against Mario Sbarro fails to state a claim rendering the amendment futile.

## POINT II

### THE PROPOSED AMENDED COMPLAINT
### FAILS TO ALLEGE FACTS SUFFICIENT
### FOR LIABILITY AGAINST GENNARO SBARRO

Plaintiff's motion to amend the complaint to add Gennaro Sbarro as a defendant should likewise be denied, as the Proposed Amended Complaint, as pled against Gennaro Sbarro, does not plead facts sufficient to impose personal liability against him.

Plaintiff's pleadings defects as against Gennaro Sbarro in the Proposed Amended Complaint suffer the same defects as those against Mario Sbarro. Plaintiff asserts a conclusory allegation that Gennaro Sbarro was "an owner" of Burton and Doyle – without any facts to substantiate the same.  (PAC ¶18).  Likewise, plaintiff baldly alleges that Gennaro Sbarro "exercises sufficient control over Burton & Doyle's operations to be considered plaintiff's employer over FLSA and NYLL" and "established and exercised authority regarding employment policies, including pay practices" (PAC at ¶19) without specifying one, let alone more than one specific act by Gennaro Sbarro that substantiates these claims.

None of the factual assertions against Gennaro Sbarro speak to, let alone support, plaintiff's specific claims of time shaving, failure to pay overtime, failure to pay spread of hours,

or failure to pay the wait staff their tips.   There are absolutely no specific allegations in the Proposed Amendment Complaint claiming that Gennaro Sbarro was involved in any or all of these alleged transgressions.   In addition, there are no allegations that Gennaro Sbarro initiated, implemented or participated in any of the acts complained of in the Proposed Amended Complaint; instead the only specific factual allegations directed towards Gennaro Sbarro are those that any supervisory employee would be responsible for – the assignment of waiters to certain stations, sending an employee home who violates the dress code or reprimanding an employee who failed to report for scheduled work shifts.   See, PAC ¶¶ 22, 24, 26-27. This is a vain attempt to use these allegations to form an argument that Gennaro Sbarro was an employer under the "economic realities test" articulated in *Herman*; these allegations, however, fall short of the standard. Moreover, they are completely unrelated to the type of management practices and policies that form the basis of the plaintiff's complaint and claims, and there is no allegation that Gennaro Sbarro participated in the allegedly illegal wage practices in any fashion.

Furthermore, plaintiff's claim that it lacked information or facts to support a claim against Gennaro Sbarro at the time of commencement of this action rings false. The plaintiff alleges that he was an employee of Burton and Doyle for over a year, a time period while the entity and the terms of plaintiff's employment were, as now alleged, supposedly under the control and direction of Gennaro Sbarro. It defies logic that plaintiff needed the assistance of additional collective members to recall and allege that Gennaro Sbarro had, in plaintiff's words "broad authority and control over the operations of Burton and Doyle and its employees" (Plaintiff's Memorandum of Law at pp. 8-9) or required the information contained in defendants' Initial Disclosures to know what individuals were employed as managers for the company.

As a result, the motion to amend the complaint to add Gennaro Sbarro should be denied, as the Proposed Amended Complaint fails to allege a valid cause of action against him and the amendment would be futile.

## CONCLUSION

The plaintiff's attempt to foist personal liability against Mario Sbarro and Gennaro Sbarro in the complaint and Proposed Amended Complaint falls short of the pleading requirements set forth under the F.R.C.P. as well as the FSLA and NYLL.  As a result, Mario Sbarro's cross-motion to dismiss the complaint and Proposed Amended Complaint against him must be granted.  Likewise, the pleading defects contained in the Proposed Amended Complaint as against Gennaro Sbarro are improperly plead, are futile and therefore the motion to amend should be denied.

Dated:        Woodbury, New York
              June 22, 2015

BERGER, FISCHOFF & SHUMER, LLP

By: _____
Laurie Sayevich Horz, Esq. (LSH-3183)
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136
Lsayevich@bfslawfirm.com

STUART M. STEINBERG P.C.
2 Rodeo Drive
Edgewood, New York 11717
(631) 715-4160

Co-Counsel for Defendants
Burton and Doyle of Great Neck LLC and
Mario Sbarro

9